**John Mansfield, OSB No. 055390**
MANSFIELDLAW
121 SW Morrison Ave., Suite 400
Portland OR  97204
971.271.8615
john@mansfieldlaw.net

**Thomas J. Rossa** (pro hac vice pending)
**Stephen B. Mosier** (pro hac vice pending)
HAYES SOLOWAY PC
4640 E. Skyline Drive
Tucson, Arizona 85718
520.882.7623
t.rossa@hayes-soloway.com
s.mosier@hayes-soloway.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **SLEASH, LLC**, a Colorado Limited Liability Company. <br><br> Plaintiff, <br><br> vs. <br><br> **ONE PET PLANET, LLC**, an Oregon Limited Liability Company, **AMAZING PET PRODUCTS**, an Oregon Limited Liability Company, and **CHOO CHOO IMPORTS, LLC**, an Oregon Limited Liability Company, <br><br> Defendants. | Case No. 3:14-cv-863 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |



SLEASH, LLC complains against One Pet Planet, LLC, Amazing Pet Products, and Choo Choo Imports, LLC as follows:

## I.      THE PARTIES

1. Plaintiff SLEASH, LLC, ("SLEASH" or "Plaintiff") is a Colorado limited liability company having its principal place of business in Littleton, Colorado.

2. Since 2010, SLEASH has been in the business of designing and selling PET SPECIALTY PRODUCTS such as toys associated with household dogs.

3. Defendant One Pet Planet ("OPP" or "Defendant OPP") is an Oregon limited liability company having its principal place of business at 203 SE Alder Street, Portland, Oregon 97214.

4. On information and belief, OPP is in the business of, *inter alia,* obtaining products from manufacturers in other countries such as China and reselling such products for use in connection with pets, including some PET SPECIALTY PRODUCTS.

5. On information and belief, Defendant Amazing Pet Products ("APP" or "Defendant APP") is an Oregon limited liability company having its principal place of business at 203 SE Alder Street, Portland, Oregon 97214.

6. On information and belief, Defendant APP has obtained certain PET SPECIALTY PRODUCTS from manufacturers in other countries such as China via another US importer and, upon further information and belief, has sold or transferred such PET SPECIALTY PRODUCTS to OPP for use and/or resale by OPP. On information and belief, APP is operated or owned by, or under common control with, OPP.



**121 SW Morrison, Ste. 400
Portland OR 97204**

7. Defendant Choo Choo Imports, LLC ("CHOO CHOO" or "Defendant CHOO CHOO") is an Oregon limited liability company having its principal place of business at 203 SE Alder Street, Portland, Oregon 97214.

8. On information and belief, Defendant CHOO CHOO has obtained certain PET SPECIALTY PRODUCTS from manufacturers in other countries such as China and, upon further information and belief, has sold or transferred such PET SPECIALTY PRODUCTS to APP for use or further sale, or sold or transferred such products to OPP for use and/or resale by OPP. On information and belief, CHOO CHOO is operated or owned by, or under common control with, OPP.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 15 U.S.C. §1121(a), 28 U.S.C. §§1331 and 1338(a), (b).

10. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because all of the defendants have a principal place of business in this district and in this division of this district. Venue is also proper in this district under 28 U.S.C. §1391(b)(2) because all of the defendants have committed acts constituting or contributing to the infringement alleged, so that a substantial part of the acts and events giving rise to the claims occurred in this judicial district.

## III. BACKGROUND

11. In approximately 2010, Joseph A. Buescher ("BUESCHER") and Michael A. Saber ("SABER") invented a system which includes an arm-like structure configured to be grasped by the hand on one end and with structure at the other end sized to fit into a slot or pocket associated with a dog toy such as a ball or disc like or type structure. The arm-like structure may be fitted into the slot or pocket and then manipulated so that the toy can be cast or


121 SW Morrison, Ste. 400
Portland OR 97204

flung a distance believed to be farther than one can throw without the arm-like structure. Repetitive use with a dog can lead to dog saliva deposits on the toy. Use of the arm-like structure allows the user to avoid contact with the toy and the saliva. A separate handle device may be connected to the arm to facilitate transport of accessories like a leash. The system is hereinafter referred to as the "ARM SYSTEM."

12. BUESCHER and SABER filed utility and design patent applications having claims directed to the ARM SYSTEM and components thereof. Several of the design patent applications issued as United States Letters Design patents listing BUESCHER and SABER as co-inventors and in turn joint owners of the patent rights granted thereby.

13. SLEASH began manufacturing and selling PET SPECIALTY PRODUCTS which are products specifically intended for use with pet dogs. The products include, but are not limited to, leashes and toys for dogs including components of the ARM SYSTEM. From in or about May 2011 to at least December 2012, SLEASH marketed PET SPECIALTY PRODUCTS under and using the trademark, "SLINGER," a mark owned by Chilkoot Trail Ventures, LLC ("CHILKOOT") and exclusively licensed to SLEASH along with the right to sue for infringement.

14. By a trademark license agreement dated May 12, 2014, retroactive to the first use by SLEASH in May of 2011, CHILKOOT granted SLEASH an exclusive license to use the trademark "SLINGER" and a related trademark "SLEASH" in a specific field of use, namely: the field of PET SPECIALTY PRODUCTS. A copy of the trademark license agreement is attached as Exhibit 1. Pursuant to that May 12, 2014 trademark license agreement, SLEASH acquired the right to sue for infringement of the licensed trademarks.


121 SW Morrison, Ste. 400
Portland OR 97204

15. CHILKOOT filed for and later obtained U.S. Trademark Registration Number 4,192,951 registered August 21, 2012 for the mark SLINGER in international class 028, and U.S. Trademark Registration Number 4,020,413 registered August 30, 2011 for the mark SLEASH in international class 018. A copy of the registration of the mark SLINGER is attached as Exhibit 2.

16. After about May of 2011, sales of the PET SPECIALTY PRODUCTS of SLEASH, some of which used the SLINGER trademark, including the ARM SYSTEM, expanded into several states within just six months after introduction. SLEASH used the trademark SLINGER and the trademark SLEASH in interstate commerce in connection with PET SPECIALTY PRODUCTS continuously between May 2011 and at least December 28, 2012.

17. On information and belief, OPP discovered Plaintiff's PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark in the marketplace in or about late 2011 or early 2012. Upon further information and belief, OPP recognized the value in the design of the PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark and the good will SLEASH had already developed for the SLINGER and SLEASH-branded products in the PET SPECIALTY MARKET. Thereafter OPP approached SLEASH expressing a desire to obtain rights to market the PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark only in the PET SPECIALTY MARKET.

18. In discussions between SLEASH and OPP, OPP led SLEASH to believe, and SLEASH believed, that if and when OPP obtained rights to make and sell the PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark, OPP would act promptly and use its connections in China to obtain product promptly and to



121 SW Morrison, Ste. 400
Portland OR 97204

launch sales of PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark expeditiously and in substantial quantities. In turn, significant sales could be expected within a few months.

19. OPP led SLEASH to believe, and SLEASH believed, that OPP would be able to make the PET SPECIALTY PRODUCTS of SLEASH ready for mass market retail through OPP's existing relationships with overseas manufacturers and on/offshore distributor contacts so that SLEASH could expect substantial royalties on sales of SLINGER branded products within one or two quarters after signing a licensing agreement.

20. OPP represented to SLEASH, and SLEASH believed, that OPP could cause its overseas manufacturers to produce the SLINGER products at a low cost while using substantially the same quality materials to maintain or even exceed the high quality of the PET SPECIALTY PRODUCTS including products using the SLINGER trademark and the SLEASH trademark then being produced by SLEASH.

21. OPP represented and acknowledged that any agreement between SLEASH and OPP would include provisions that would allow SLEASH to have control of the quality of any and all products sold, distributed or displayed under the SLINGER brand and the SLEASH brand of SLEASH, and the right to approve the materials to be used in manufacturing the SLINGER line of products.

22. On information and belief, OPP caused an agreement to be drafted which purported to reflect the intentions of the parties, which agreement is entitled "License Agreement" (the "OPP LICENSE"), which SLEASH signed on or about December 28, 2012. A copy of the OPP LICENSE is attached as Exhibit 3.


121 SW Morrison, Ste. 400
Portland OR 97204

23. The OPP LICENSE purports to license trademark rights including the mark SLEASH and the mark SLINGER and patent rights relating to the ARM SYSTEM.

24. While the OPP LICENSE on its face purports to be a contract between OPP and SLEASH, the owner of the SLINGER® mark was not made a party to the agreement. The OPP LICENSE (which OPP drafted) purports to license rights under multiple issued patents, multiple pending patent applications and multiple trademarks, utilizing a unitary royalty schedule which fails to differentiate among the respective patent rights granted, and fails to specify separate, identifiable royalties under each of the separate issued patents or pending patent applications licensed. The products which are the subject of the OPP LICENSE do not all encompass or fall within the scope of all of the claims of all licensed issued patents or pending patent applications. The OPP LICENSE fails to specify separate royalties for each issued patent or pending patent application licensed, and provides for royalties (in the same amounts) whether or not the products fall within the scope of the claims of more than one or none of the licensed patents or pending patent applications, rendering the royalty provision contained in the OPP LICENSE (which OPP drafted) contrary to public policy, invalid and not lawfully enforceable. Further, certain key definitions set forth in the OPP LICENSE are vague, confusing, circulatory and otherwise indefinite, in material respects. Accordingly, Plaintiff and Defendant OPP never entered into any valid or enforceable written agreement.

25. Notwithstanding multiple legal deficiencies preventing the formation or legal effectiveness of the OPP LICENSE, OPP undertook certain steps to have manufactured PET SPECIALTY PRODUCTS that could be sold under the SLINGER trademark. OPP did not proceed timely, however, but instead delayed such that OPP *sold no products* in 2013 under any brand or mark of SLEASH, and specifically no SLINGER products. OPP failed to provide



121 SW Morrison, Ste. 400
Portland OR 97204

SLEASH with any sample product until July 2013, and the sample provided was of substandard quality and was disapproved by SLEASH. Thereafter, SLEASH requested OPP to furnish additional samples on multiple occasions, but apart from a "ball" sample relating solely to a single SLINGER product, SLEASH was not provided any further samples of products that OPP proposed to make and market under the SLINGER® brand until February, 2014. Upon examination of those February 2014 samples, SLEASH also disapproved them in material part, due to non-conformance with quality and workmanship, and use of materials which were both unsuitable and unapproved by SLEASH.

26. Upon information and belief, OPP arranged for Defendant CHOO CHOO to acquire PET SPECIALTY PRODUCTS under the SLINGER mark in or before January 2014 from one or more manufacturers located outside of the United States, and to import them as consignee into the United States for delivery, transfer and/or sale to Defendant APP for further sale, delivery and/or sale to OPP. Thus, in or about January 2014, OPP possessed PET SPECIALTY PRODUCTS marked with the trademark SLINGER, which were never approved by SLEASH.

27. In or about February 2014, OPP provided samples of the PET SPECIALTY PRODUCTS marked with the SLINGER mark (which samples OPP had obtained, upon information and belief, from Defendant APP) to SLEASH. Upon receipt of the samples in February 2014, SLEASH found that the sample PET SPECIALTY PRODUCTS were of unacceptable quality because, *inter alia*, the paddle of the SLINGER product would not fit correctly into the pocket of some toys, the pockets of all toys were not made consistent with the specifications of SLEASH, the rope disc toys did not meet stitching specifications, the plush toys were made of unapproved, substandard material and of a lesser denier than specified by


**121 SW Morrison, Ste. 400
Portland OR 97204**

SLEASH, and the thread used to sew the plush toys did not meet specifications of SLEASH. Even the sewing of the plush toys of the PET SPECIALTY PRODUCTS received by SLEASH as samples from OPP failed to meet commercially acceptable standards.

28. Thereafter, Plaintiff SLEASH informed OPP by email dated March 3, 2014 that the sample products were not acceptable, and requested that any containers of product that had not shipped from China be held outside the United States to prevent damage to the brand and image of the SLINGER trademark.

29. On April 18, 2014, SLEASH gave OPP notice that the OPP LICENSE had not been validly formed under substantive governing law, and that even if formed, had been breached by, *inter alia,* OPP's use of unapproved materials and other failures to meet the standards and specifications for the SLINGER PET SPECIALTY PRODUCTS provided by SLEASH, and because OPP had failed to cure timely all such deficiencies.

30. On April 28, 2014, OPP reported to SLEASH that it had in fact sold PET SPECIALTY PRODUCTS under the SLINGER mark which, on information and belief, are the same as the unapproved samples provided to SLEASH in February 2014. Sale of such PET SPECIALTY PRODUCTS under the SLINGER mark were never approved by SLEASH and were unauthorized. Such unauthorized sales were also outside the scope of the License granted to OPP, even assuming *arguendo* the License was both properly formed and then in existence. Exhibit 4 is a copy of the report showing OPP's sales of unapproved and unauthorized PET SPECIALTY PRODUCTS.

31. On information and belief, OPP has additional SLINGER PET SPECIALTY PRODUCTS in inventory, and has acknowledged to SLEASH having sold certain such PET SPECIALTY PRODUCTS. Further, OPP proposes to continue to offer such PET SPECIALTY



**121 SW Morrison, Ste. 400**
**Portland OR 97204**

PRODUCTS for sale in the United States, notwithstanding that SLEASH has previously objected to the sub-standard quality of, and to the materials used by OPP in such products. Such sales by OPP will cause damage at least to the good will associated with the trademark SLINGER. Upon information and belief, the additional SLINGER PET SPECIALTY PRODUCTS are the same as the samples provided to SLEASH in February 2014, are not approved and thus are being sold and offered for sale without authority of SLEASH. The additional SLINGER PET SPECIALTY PRODUCTS, if different from the samples of February 2014, were also sold and offered for sale without authority from SLEASH because SLEASH has never seen them or approved of them.

32. On information and belief, OPP began selling PET SPECIALTY PRODUCTS under the SLINGER mark which were the same as the samples provided to SLEASH in February 2014 without authority from SLEASH, because SLEASH did not provide OPP rights to sell PET SPECIALTY PRODUCTS under the SLINGER trademark without approval of such PET SPECIALTY PRODUCTS by SLEASH as to quality and materials. On information and belief, OPP has net sales of PET SPECIALTY PRODUCTS sold under the SLINGER mark, without authority from SLEASH, exceeding $19,000, with more sales expected imminently.

33. The samples of PET SPECIALTY PRODUCTS which OPP provided to SLEASH contain the "SLINGER" trademark *without* the required "®" marking to indicate that the mark is a **registered** trademark, and some of those same products also list patent numbers that are not applicable, and thus make representations which are false and misleading to consumers.

34. Upon information and belief, Choo Choo has improperly imported, APP has improperly acted as a transfer agent, and OPP has sold and continues improperly to sell products that are similar in appearance or a close replica of SLEASH products branded under the SLINGER mark. OPP is using the SLINGER trademark and is selling without authority products



which are similar in appearance or a close replica of SLEASH branded products even though OPP's products are of sub-standard quality and without authorization by SLEASH.

35. By using the SLINGER mark to brand itself and its products, OPP and others acting in concert or association with OPP are palming off and passing off OPP's products never authorized or approved by SLEASH and of inferior quality to the products of SLEASH.

36. Plaintiff SLEASH has inspected samples of OPP products provided by OPP to SLEASH, and based thereon, is informed and believes that OPP's PET SPECIALTY PRODUCTS are inferior in quality and performance to Plaintiff's PET SPECIALTY PRODUCTS. Consumers who believe that OPP's PET SPECIALTY PRODUCTS are sold by, associated with, sponsored by, or affiliated with Plaintiff will associate OPP's substandard PET SPECIALTY PRODUCTS with Plaintiff or its branded products. That false association, and the other false and misleading representations, will cause imminent harm to Plaintiff SLEASH and to the good will associated with the trademark SLINGER, and will also be harmful to consumers.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

37. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1 – 36 the same as if fully set forth herein.

38. OPP's use in the United States of the term SLINGER as a trademark in connection with products useful with pets including PET SPECIALTY PRODUCTS is likely to cause consumer confusion, deception or mistake.

39. OPP's acts constitute unlawful use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods which is likely to cause confusion, or to cause mistake, or to



deceive. Thus, OPP's acts and conduct constitute unlawful trademark infringement in violation of 15 U.S.C. §§1114 and 1125.

40. OPP's acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive. OPP's acts and conduct as alleged herein are knowing, intentional, deliberate, willful, malicious, and/or in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a). Thus, SLEASH is entitled to increased damages.

41. OPP's acts of trademark infringement are causing imminent irreparable harm to SLEASH and the goodwill associated with the trademark SLINGER. Thus, SLEASH is entitled to a temporary restraining order, preliminary injunction and permanent injunction restraining OPP from all further acts of unauthorized infringement of the trademark SLINGER because OPP's acts will continue to cause imminent irreparable injury to SLEASH and to the public for which there is no adequate remedy at law.

42. SLEASH is entitled to recover its attorneys fees associated with this action.

## COUNT II

## UNFAIR COMPETITION UNDER THE LANHAM ACT

43. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1 – 36 the same as if fully set forth herein.

44. OPP's unauthorized use of the term SLINGER to brand OPP's PET SPECIALTY PRODUCTS is likely to cause consumer confusion, mistake or deception.

45. Consumers are likely to confuse those OPP products with Plaintiff's products, thereby harming Plaintiff's brand and reputation, and resulting in a loss of sales to Plaintiff.



46. OPP's conduct is likely to cause confusion, mistake and deception of consumers as to the source of origin of its goods, or Plaintiff's sponsorship or association therewith.

47. OPP's acts constitute palming off, passing off and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). OPP's acts constitute a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive the general public as to the affiliation, connection, or association of OPP's products with Plaintiff's, or as to the origin, sponsorship, or approval by Plaintiff of OPP's products.

48. OPP's acts have been committed with knowledge that such palming off and passing off is intended to be used to cause confusion, or to cause mistake, or to deceive. OPP's acts and conduct as alleged herein are knowing, intentional, deliberate, willful, malicious, and/or in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a). In turn, SLEASH is entitled to increased damages.

49. OPP's acts of palming off and passing off are causing imminent irreparable harm to SLEASH and will continue to cause irreparable harm unless restrained. Thus, SLEASH is entitled to a temporary restraining order, preliminary injunction and permanent injunction restraining OPP from all further acts of palming off and passing off and causing confusion as to the source of goods because there is no adequate remedy at law.

50. SLEASH is entitled to recover its attorneys fees associated with this action.

## COUNT III

## CONTRIBUTORY TRADEMARK INFRINGEMENT

51. Plaintiff adopts and incorporates by reference the allegations set forth in paragraphs 1 – 36, 38 and 39 the same as if fully set forth herein.



52. Upon information and belief, Defendants CHOO CHOO and APP have intentionally induced Defendant OPP to receive PET SPECIALTY PRODUCTS having the mark SLINGER thereon or associated therewith and to offer the same for sale and to sell the same without license or authority and thereby to unlawfully infringe the trademark SLINGER of SLEASH.

53. Upon information and belief, Defendants CHOO CHOO and APP have acted to enable OPP to receive and to offer the same for sale and to sell the same without license or authority and thereby to infringe the trademark SLINGER of SLEASH.

54. Upon information and belief, Defendants CHOO CHOO and APP have contributed to the unlawful use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. Thus the acts and conduct of Defendants CHOO CHOO and APP constitute unlawful trademark infringement or contributory trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125.

55. The acts of Defendants CHOO CHOO and APP have been committed with knowledge that such imitation by OPP is intended to be used to cause confusion, or to cause mistake, or to deceive. The acts and conduct of Defendants CHOO CHOO and APP as alleged herein are knowing, intentional, deliberate, willful, malicious, and/or in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a). Thus, SLEASH is entitled to increased damages.

56. The acts of Defendants CHOO CHOO and APP contributing to the trademark infringement by OPP are causing imminent irreparable harm to SLEASH and the goodwill associated with the trademark SLINGER. Thus, SLEASH is entitled to a temporary restraining



order, preliminary injunction and permanent injunction restraining Defendants CHOO CHOO and APP, separately and together, from all further acts contributing to the unauthorized use and unlawful infringement by OPP of the trademark SLINGER because the acts of Defendants CHOO CHOO and APP will continue to cause irreparable injury to SLEASH and to the public for which there is no adequate remedy at law.

57. SLEASH is entitled to recover its attorneys fees associated with this action.

## JURY DEMAND

58. Plaintiff SLEASH demands trial by jury on all issues triable by a jury.

## PRAYER

In view of the foregoing, Plaintiff SLEASH, LLC prays the Court grant judgment in its favor and against One Pet Planet, LLC ("OPP"), Choo Choo Imports, LLC ("CHOO CHOO") and Amazing Pet Products ("APP") as follows:

1. This Court has jurisdiction over the parties to this action and over this cause of action.

2. Venue is proper in this Court.

3. SLINGER is a valid registered trademark and is enforceable.

4. SLEASH has the right to sue OPP for infringement of the trademark SLINGER and to recover damages therefor.

5. OPP is unlawfully infringing the trademark SLINGER.

6. OPP is unlawfully palming off, passing off and causing confusion as to the source of goods by selling products that are replicas of those offered by SLEASH.

7. CHOO CHOO and APP have contributed to the unlawful infringement of the trademark SLINGER by OPP.



8. OPP, CHOO CHOO, and APP, separately and together, along with their agents, servants, employees, attorneys, and all those persons in active concert or participation with any and all of them, shall be temporarily, preliminarily and permanently enjoined and restrained from selling any product for use by canine pets found in a household in association with the trademark SLINGER mark, or any other name or mark or domain name that is the same as or is a colorable imitation of Plaintiff's trademark SLINGER or is otherwise confusingly similar to the trademark SLINGER of Plaintiff.

9. OPP, CHOO CHOO, and APP be ordered to separately file with this Court and to serve upon Plaintiff, within thirty days after the entry and service on each of the Defendants of the preliminary or permanent injunction or judgment of this Court, or as otherwise ordered by this court, a report in writing and under oath, setting forth in detail the manner and form in which each of the Defendants has complied with the injunction including but not limited to:

   a. All actions to recover and recall all products held to infringe the trademark SLINGER.

   b. All actions to recover and recall all literature promoting products held to infringe the trademark SLINGER.

   c. Discontinuation of marketing, selling, offering for sale and promoting products held to infringe the trademark SLINGER, including all related website activities.

   d. All actions undertaken to stop or cease manufacture, exportation and importation of products held to infringe the trademark SLINGER.



10. OPP, APP, and CHOO CHOO, separately and together each and all be ordered to deliver to Plaintiff, for destruction or disposition, any and all products in the possession, custody or control of each of OPP, APP, and/or CHOO CHOO, and their employees and agents which infringe the trademark SLINGER as of the date of entry of the injunction and/or final judgment, as well as all such infringing products which come into their possession, custody or control thereafter. Said delivery shall be made to Plaintiff's principal place of business in the United States on the thirtieth day after the date of entry of the injunction and/or final judgment, unless some later time or place within the United States is specified in writing by Plaintiff or otherwise ordered by the Court by not later than twenty-one days prior to the otherwise-applicable date of delivery.

11. Within 28 days of the date of entry of the judgment or as otherwise ordered by the Court, OPP, CHOO CHOO and APP shall each separately file with the Court an account for all sales, costs and profits arising from the sale of products held to infringe the trademark SLINGER and all those products sold in violation of 15 USC §§ 1114 and 1125; and thereafter shall pay over to Plaintiff all profits and advantages derived from such unlawful sale of goods.

12. This is an exceptional case, and OPP, APP and CHOO CHOO shall each pay to SLEASH three times the damages which have been incurred by SLEASH, plus prejudgment interest on such amounts.

13. Plaintiff SLEASH shall recover its reasonable attorney fees incurred herein, plus the costs of this action.



14. Plaintiff SLEASH shall be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 28, 2014              /s/John Mansfield
                          By:  **John Mansfield**
                          MANSFIELDLAW
                          121 SW Morrison, Suite 400
                          Portland, OR 97204
                          971-271-8615
                          john@mansfieldlaw.net

                          **Thomas J. Rossa** (pro hac vice pending)
                          **Stephen B. Mosier** (pro hac vice pending)
                          HAYES SOLOWAY PC
                          4640 E. Skyline Drive
                          Tucson, Arizona 85718
                          520.882.7623
                          t.rossa@hayes-soloway.com
                          s.mosier@hayes-soloway.com

                          Attorneys for Plaintiff Sleash, LLC

