EXHIBIT 1

## <u>LICENSE AGREEMENT</u>

The PARTIES to this Agreement are Chilkoot Trail Ventures LLC (hereinafter referred to as "CHILKOOT"), a limited liability company of the state of Colorado having a place of business at 7182 Morraine Drive, Littleton, Colorado, 80128 and SLEASH LLC (hereinafter referred to as "SLEASH"), a limited liability company of the state of Colorado having a place of business at 8156 Wadsworth Boulevard, Suite E-349, Littleton, Colorado, 80128.

WHEREAS, CHILKOOT adopted use of and became the owner of the following marks and all goodwill associated therewith (hereinafter the "MARKS") both used in association with pet specialty products:

a.  The trademark SLEASH and all goodwill associated therewith in the United States including United States Trademark Registration 4,020,413 which was registered on August 30, 2011 based on Application Serial 85/065,893 filed June 17, 2010;

b.  The trademark SLINGER and all goodwill associated therewith in the United States including United States Trademark Registration 4,192,951 which was registered on August 21, 2012 based on Application Serial Number 85/342,869 filed June 10, 2011; and

WHEREAS, CHILKOOT orally authorized SLEASH to use the MARKS in connection with pet specialty products and now desires to confirm by written agreement its continuing exclusive right to do so for pet specialty products.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, CHILKOOT and SLEASH hereby agree as follows:

1.  **License.**  Subject to the terms and conditions herein set forth and retroactively to the date of first used of either one of the MARKS by SLEASH, CHILKOOT grants to SLEASH the exclusive right to use the MARKS and all related goodwill in the FIELD OF USE only for PET SPECIALTY PRODUCTS.

a.  The FIELD OF USE means the making, using, offering for sale and selling pet specialty products for use by canines typically associated with a household and more specifically the retail marketing, directly or through others, of PET SPECIALTY PRODUCTS.

b.   PET SPECIALTY PRODUCTS which are products specifically intended for use with canine pets which pets are typically found associated with a household which products include, but are not limited to, leashes, pet restraining devices, toy systems for use with dogs and toys for use by and with dogs.  PET SPECIALTY PRODUCTS do not include products intended for, and to be marketed for use with, canines connected with sports such as, but not limited to, hunting, tracking and retrieving.  PET SPECIALTY PRODUCTS also do not include products sold for use with or for service dogs, guard dogs, blood hounds, police dogs, sentry dogs and dogs trained to detect substances.

2.  **Use of Mark.**

a.   SLEASH shall use the MARKS in the FIELD OF USE:  (i) in the manner and form presently adopted by SLEASH for PET SPECIALTY PRODUCTS at least at the level of quality provided by SLEASH as of January 1, 2013 unless otherwise authorized by CHILKOOT; and/or (ii) in accordance with additional guidance and directions furnished to SLEASH by CHILKOOT, or its representatives or agents, from time to time; and (iii) at all times consistent with and as permitted by law.  CHILKOOT shall be the sole judge of whether or not SLEASH has met or is meeting the standards of quality so established.

b.      All future and prior use of the MARKS and the goodwill associated therewith separately and together, in connection with SLEASH PRODUCTS in the field of use by SLEASH or any and all licensees of SLEASH shall inure to the benefit of CHILKOOT.

3.      **Inspection and Materials.**  For the purpose of ascertaining or determining compliance with Paragraphs 1 and 2 hereof, SLEASH will permit duly authorized representatives of CHILKOOT to inspect all PET SPECIALTY PRODUCTS of SLEASH and any licensee of SLEASH at all reasonable times.  At CHILKOOT's request, SLEASH shall provide CHILKOOT with samples and copies of all labels, tags, containers, displays and other markings and all literature, brochures, signs and advertising material prepared by SLEASH and all licensees of SLEASH, and SLEASH shall obtain the approval of CHILKOOT with respect thereto as well as CD's or their equivalent of all web sites of SLEASH.

4.      **Extent of License.**

a.      The rights granted to SLEASH in Paragraph 1 hereof shall be exclusive with the right to grant sublicenses but only with the consent of CHILKOOT which consent shall not be unreasonably withheld.

b.      The exclusive licenses herein granted shall not be assignable or transferable by SLEASH in any manner whatsoever without the express written consent of CHILKOOT which consent shall not be unreasonably withheld.  SLEASH shall have the right to grant non exclusive sublicense(s) to use each and all of the MARKS and their related good will by written agreement incorporating at least all the obligations and responsibilities of SLEASH in this AGREEMENT subject to and only upon the written consent by CHILKOOT which consent shall be granted at the sole discretion of CHILKOOT.

c.    CHILKOOT shall have the right to assign or otherwise transfer this AGREEMENT in connection with the assignment or transfer of the MARKS and their related goodwill subject to this license without the consent of SLEASH and any and all sublicensees.

5.    **<u>Indemnity</u>**.  CHILKOOT assumes no liability to SLEASH and any sub licensees or to third parties with respect to each and all PET SPECIALTY PRODUCTS and any other action or inaction of SLEASH or any other service or product offered by SLEASH under or using either or both of the MARKS; and SLEASH shall indemnify, defend and hold harmless CHILKOOT against all liabilities and losses, including claims for attorneys fees, arising under or out of, or incurred with respect to claims by third parties against SLEASH and CHILKOOT, separately or together, in connection with any goods offered by SLEASH hereunder.

6.    **<u>Termination</u>**.

a.    Except as otherwise provided herein, this AGREEMENT shall remain in full force and effect so long as SLEASH continues to use one or more or all of the MARKS, but will terminate without further notice and automatically thirty days after the date of last use of both of the MARKS on or in connection with the sale or offer for sale of SLEASH PRODUCTS by SLEASH.

b.    Notwithstanding the above, this AGREEMENT is terminable at the will of CHILKOOT upon 60 days prior written notice to SLEASH.

c.    If SLEASH makes any assignment of assets or business for the benefit of creditors, or a trustee or receiver is appointed to conduct its business or affairs, or it is adjudged in any legal proceeding to be either a voluntary or involuntary bankruptcy, then the rights

granted herein shall forthwith cease and terminate with respect to SLEASH without prior notice or legal action by CHILKOOT.

d.      On termination of this AGREEMENT pursuant to this Paragraph 6 or otherwise, SLEASH and all sublicensees shall cease and desist from all use of the MARKS in any and all ways; and SLEASH and all sublicensees will deliver to CHILKOOT, or its duly authorized representatives, all material and papers displaying or using one or all of the MARKS.

7.      **Ownership of MARKS.**  SLEASH acknowledges CHILKOOT's exclusive right, title and interest in and to the MARKS and their related goodwill, and all registrations that have issued or may later issue thereon, and will not at any time do or cause to be done any act or thing contesting or in any way impairing or tending to impair part of such right, title and interest.  In connection with the use of the MARKS, SLEASH shall not in any manner represent that it has any ownership in the MARKS or registrations thereof.  SLEASH will not at any time adopt or use without CHILKOOT's prior written consent, any word(s) or mark(s) that is similar to or likely to be confusing with the MARKS; and in all events, SLEASH shall assign and transfer to CHILKOOT all of its rights to said word(s) and mark(s) that are similar to or likely to be confusingly similar thereto.

8.      **Marking.**  SLEASH shall mark as permitted or required by applicable statutes to indicate that each of the MARKS is registered.

9.      **Royalties.**      CHILKOOT grants the exclusive license set forth in paragraph 1 royalty free reserving the right to charge a royalty upon 90 days written notice to SLEASH.  The royalty to be charged shall be no more than ONE PERCENT (1%) of the sales of SLEASH PRODUCTS using or bearing the MARK for each MARK licensed plus an additional ONE

5

PERCENT (1%) if an additional mark is added to the MARKS hereunder to a maximum of 4% of all such revenues.  The royalties shall be paid within 30 days after the end of each calendar quarter; and all unpaid royalties shall draw interest at the rate of  TEN PER CENT (10 % ) per annum compounded quarterly until paid.  CHILKOOT shall have the right to audit and to terminate the license upon 30 days written notice with SLEASH having the right to cure the identified default.  Payments received by SLEASH from any and all licensees of SLEASH shall be deemed to be sales of SLEASH PRODUCTS for purposes of calculating the royalty due to CHILKOOT.

10.    **Right to Sue**.  SLEASH has the right to advance a claim against any party who has used and/or is now using any mark confusingly similar to the licensed MARKS and to seek relief as permitted by law.  In the event of a recovery, SLEASH shall first subtract and retain all of its out of pocket expenses and then shall thereafter treat any remainder as a NET SALE hereunder.

11.    **Insurance**.  SLEASH shall maintain suitable insurance to insure against all liabilities arising from the sale of any product of the SLEASH PRODUCTS.  All such insurance will list CHILKOOT as a co-insured. All sub licensees shall obtain and maintain similar insurance.

12.    **Notices**.  All notices and other communications under this AGREEMENT shall be in writing and delivered (a) personally, (b) by e mail with confirmation by first class mail with postage prepaid, or (c) by nationally recognized commercial overnight courier service with charges prepaid directed to the intended recipient as set forth below.  A notice or other communication shall be deemed delivered on the earlier to occur of (i) its actual receipt, (ii) the

third business day following its deposit in First Class mail with postage prepaid, and/or (iii) the

first business day following its deposit with a nationally recognized commercial overnight

courier service, with charges prepaid.  CHILKOOT or SLEASH may change the address to

which notices and other communications hereunder can be delivered by giving the other party

notice in the manner herein set forth.

This AGREEMENT is executed by the parties on the dates set forth below.

**CHILKOOT:**

CHILKOOT TRAIL VENTURES, LLC, a
limited liability company of the State of
Colorado.

By:
Name: Joseph Buescher
Title: Manager
Date: 5-12-14

**SLEASH:**
SLEASH, LLC, a limited liability company of
the State of Colorado

By:
Name: Michael A. Saber
Title: Manager
Date: 5-12-14

#268037 v1 slc